IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|                          |   |                                 |
|--------------------------|---|---------------------------------|
| VICTOR M. PIECHOCKI      | : |                                 |
|                          | : |                                 |
| v.                       | : | Consol. Civil No. DKC 19-1064   |
|                          | : |                                 |
| STATE OF MARYLAND        | : |                                 |
|                          | : |                                 |

**MEMORANDUM OPINION**

## I.  Background

Petitioner Victor Piechocki ("Mr. Piechocki") filed the above-captioned petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his confinement by the State of Maryland and asserting that he was found not competent to stand trial and committed to Clifton T. Perkins Hospital ("Perkins") based solely on the fact that he has epilepsy. (ECF No. 1). Although Mr. Piechocki filed his Petition pursuant to 28 U.S.C. § 2241, the petition should have been filed pursuant to 28 U.S.C. § 2254, because he is "a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a).[1] The Petition will be reviewed under the rules applicable to § 2254.

---

[1] The Supreme Court has noted that "[i]ncarceration pursuant to a state criminal conviction may be by far the most common and most familiar basis for satisfaction of the 'in custody' requirement in § 2254 cases. But there are other types of state court judgments pursuant to which a person may be held in custody within the meaning of the federal habeas statute. For example, federal habeas corpus review may be available to challenge the

Respondent Marie Rose Alam ("Respondent") argues that the petition should be dismissed as moot because Mr. Piechocki has been released from the Baltimore County Detention Center and is no longer committed to Maryland Department of Health ("MDH") as incompetent to stand trial. As will be discussed, because Mr. Piechocki was released from the commitment due to incompetency and never found guilty, there were no collateral consequences to his confinement. Therefore, the petition will be denied and dismissed.

In 2002, in the Circuit Court for Baltimore County, Mr. Piechocki was found guilty but not criminally responsible of first-degree assault and committed to MDH. (Civil Action No. 22-2887, ECF No. 1-2 at 2). In 2006, the court ordered his conditional release, which was revoked in 2008. (*Id.*). Mr. Piechocki was granted conditional release again in 2013. (*Id.*).

Mr. Piechocki was indicted on assault charges on March 12, 2018, and held in the Baltimore County Detention Center pending trial. (*Id.* at 10-12). On March 16, 2018, the State's Attorney

---

legality of a state court order of civil commitment or a state court order of civil contempt." *Duncan v. Walker*, 533 U.S. 167, 176 (2001) (citing *Francois v. Henderson*, 850 F.2d 231 (5th Cir. 1988); *Leonard v. Hammond*, 804 F.2d 838 (4th Cir. 1986)). In addition, courts have regularly construed challenges to commitment following a finding of not guilty by reason of insanity, or other similar finding, under § 2254. *See, e.g.*, *Winkler v. Helsel*, Civil Action No. PWG-15-889, 2017 WL 5197131, *2 (D.Md. Nov. 8, 2017); *Wilson v. Missouri*, 2022 WL 2124800, *1 (E.D.Mo. May 31, 2022); *Hosay v. Land*, 2020 WL 6139947 (E.D.Va. Oct. 19, 2020); *McKinney v. Kilgore*, 2005 WL 1684021 (W.D.Va. July 18, 2005).

for Baltimore County filed a petition for revocation of Mr. Piechocki's conditional release in the 2002 case, alleging that he had violated conditions of his release and is no longer eligible for conditional release. (*Id.* at 14). A hospital warrant was issued on March 15, 2018. (*Id.* at 17). The Circuit Court found Mr. Piechocki not competent to stand trial for the 2018 assault charges and committed him to MDH for treatment on February 27, 2019. (*Id.* at 21). He was transferred to Clifton T. Perkins Hospital Center on March 7, 2019. (*Id.*). The hospital warrant for the petition to revoke Mr. Piechocki's conditional release in the 2002 case was executed on March 26, 2019. (*Id.* at 23). A hearing was held on April 4, 2019, after which an Administrative Law Judge ("ALJ") recommended that Mr. Piechocki remain committed to MDH for care and treatment. (*Id.* at 26-37, 40-50). Mr. Piechocki filed exceptions to the ALJ's report, but the Circuit Court denied the exceptions and adopted the ALJ's report. (*Id.* at 52-56, 58). The court found Mr. Piechocki competent to stand trial in the 2018 assault case on March 13, 2020, and remanded him to Perkins to maintain competency. (Civil Action No. 22-2887, ECF No. 5-3). The assault charges against Mr. Piechocki were nolle prossed on November 11, 2020, and he was ordered released from the commitment in the criminal case. (Civil Action No. 22-2887, ECF Nos. 5-2, at 17; 1-2, at 66). Mr. Piechocki then was held in

custody of MDH at the Spring Grove Hospital Center pursuant to the order revoking his conditional release in the 2002 case.

On April 8, 2019, while he was being held at Perkins, Mr. Piechocki filed a petition for habeas corpus. (ECF No. 1). In it, he referenced two previously filed petitions for writ of habeas corpus challenging the validity of his pre-trial detention. *See* Civil Action No. DKC 18-3566; Civil Action No. DKC 18-4020. Because Mr. Piechocki's three petitions sought to challenge his pretrial confinement at Clifton T. Perkins Hospital, the court consolidated the cases and appointed pro bono counsel. (ECF Nos. 2; 24). Mr. Piechocki appealed this court's dismissal of his petitions filed in Civil Action Nos. DKC 18-3566 and DKC 18-4020. On February 4, 2021, the United States Court of Appeals for the Fourth Circuit dismissed the appeal. (ECF No. 25-1 at 2). The mandate issued on June 9, 2021. (ECF No. 30). In an unrelated matter, the court was advised that Mr. Piechocki had been found competent to stand trial. *See Piechocki v. American Bridge Company*, Civ. Action No. DKC 18-2087 (D.Md. 2018) at ECF No. 22-4 (Competency Monitoring Evaluation). The court issued an Order directing pro bono counsel to submit a status report on March 22, 2023, because, although Mr. Piechocki was then still confined, the basis for his initial confinement appeared to have been resolved. (ECF No. 31).

Counsel for Mr. Piechocki filed a status report on May 17, 2023, advising that Mr. Piechocki's habeas petitions are "not moot," and Mr. Piechocki "remains wrongfully confined." (ECF No. 33). She went on:

> The gravamen of Mr. Piechocki's request for relief has not changed; that he has been retaken by Clifton T. Perkins Hospital Center, despite his criminal case resolving in his favor (dismissed by way of nolle prosequi); and, that there never being an allegation of or finding that the alleged violation of Mr. Piechocki's conditional release was a result of mental disease or retardation; or, that as a result of mental disorder or mental retardation Mr. Piechocki is a danger. The plaintiff awaits a proposed scheduling order to begin formal discovery for his requested hearing.

(*Id.*).

Mr. Piechocki, proceeding pro se, filed another petition for writ of habeas corpus on November 4, 2022, challenging his commitment by the Maryland Department of Health at Spring Grove Hospital Center. (Civil Action No. DKC 22-2887). The court granted Respondent's motion to dismiss the petition on September 18, 2023, finding that Mr. Piechocki had procedurally defaulted his claims. (Civil Action No. 22-2887, ECF No. 16).

While that matter was pending, the court directed counsel for both parties in the instant case to confer and file a joint status report on June 22, 2023. (ECF No. 34). Counsel for Respondent filed a joint status report on July 20, 2023, submitting that

"[c]ounsel for Mr. Piechocki reviewed the draft and provided [her] with Mr. Piechocki's comments." (ECF No. 35, at 1).  In the joint status report, counsel for Respondent asserts that "the habeas petition in Civil Action No[.] DKC 22-2887 is the only one that continues to present a live controversy." (*Id.*).  She argues that "[n]one of the three cases consolidated as Consolidated Case No. DKC 19-1064 continue to present a live controversy." (*Id.* at 2).  Civil Action No. DKC 18-3566 and Civil Action No. DKC 18-4020 are moot, she contends, because in both,

> Mr. Piechocki challenged his confinement based on actions or decisions by the Circuit Court for Baltimore County while he was confined in the Baltimore County Detention Center.  Mr. Piechocki is no longer confined in that detention center; he was transferred to Clifton T. Perkins Hospital Center as incompetent to stand trial on March 7, 2019, and subsequently transferred to Spring Grove Hospital Center.

(*Id.* (internal citations omitted)).  She argues that Civil Action No. DKC 19-1064 is also moot because in it,

> Mr. Piechocki claimed that he was found incompetent to stand trial and confined in violation of the American with Disabilities Act because he has epilepsy.  There is no mention of epilepsy or epilepsy as a basis for incompetence to stand trial in the monitoring report that opined him competent in March 2020. Furthermore, Mr. Piechocki is no longer committed to MDH as incompetent to stand trial.

(*Id.* (internal citations omitted)).  Counsel for Respondent consequently requested that the court dismiss the consolidated

cases and decide Civil Action No. DKC 22-2887.(*Id.*)[2].  The joint status report also included Mr. Piechocki's request "to be afforded a hearing on the pending matters as his status of confinement" and "his position as to the legality of confinement" have "not changed." (*Id.*).

Also on July 20, 2023, counsel for Mr. Piechocki filed a separate status report.  (ECF No. 36).  In it, counsel asserts that "Mr. Piechocki's Petitions for Writ of Habeas Corpus are not moot.  He has exhausted all avenue of remedy at the State level and yet remains wrongfully in the custody of Clifton T. Perkins Hospital Center.  Even with a case pending, the basis for his current detention has not changed."  (*Id.* at 1).  She repeats the statement from her May 17, 2023 status report, (ECF No. 33), arguing that Mr. Piechocki's petition for writ of habeas corpus should be granted because (1) his criminal case was "dismissed by way of nolle prosequi;" (2) nothing suggests that his "alleged violation of [his] conditional release was a result of mental disease or retardation;" and (3) nothing suggests that he presents a danger to himself or the person or property of others "as a result of mental disorder or mental retardation."  (ECF No. 36).

---

[2] The related habeas petition in DKC 22-2887 has since been dismissed for failure to exhaust state remedies.

## II.  Analysis

Courts "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  But, "[a] habeas corpus petition is moot when it no longer presents a case or controversy under Article III, § 2, of the Constitution."  *Goode-Bey v. Campbell*, No. 18-cv-595-PWG, 2019 WL 2453761, at *1 (D.Md. June 12, 2019) (citing *Aragon v. Shanks,* 144 F.3d 690, 691 (10th Cir. 1998); *Spencer v. Kemna,* 523 U.S. 1, 7 (1998)).  "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate . . . The parties must continue to have a 'personal stake in the outcome' of the lawsuit."  *Lewis v. Cont'l Bank Corp.,* 494 U.S. 472, 477-78 (1990) (quoting *Los Angeles v. Lyons,* 461 U.S. 95, 101 (1983)).  "This means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" *Spencer*, 523 U.S. at 7 (quoting *Lewis,* 494 U.S. at 477).

Thus, federal habeas relief is unavailable where a petitioner "suffers no present restraint from a conviction."  *See Maleng v. Cook,* 490 U.S. 488, 492 (1989).  "Release from state custody does not always moot a claim for habeas relief, as the collateral

consequences of a criminal conviction—such as the loss of the right to vote or to serve as a juror—may create 'a substantial stake in the judgment of conviction which survives the satisfaction of the sentence.'" *Winkler v. Helsel*, No. 15-cv-889-PWG, 2017 WL 5197131, at *2 (D.Md. Nov. 8, 2017) (quoting *Carafas v. LaVallee,* 391 U.S. 234, 237 (1968)).  If no collateral consequences exist upon release, however, then the petition is moot.  *See Broughton v. North Carolina,* 717 F.2d 147, 149 (4th Cir. 1983) (holding that petitioner's misdemeanor contempt conviction did not carry any collateral consequences as petitioner would not be prevented from voting, serving on a jury, obtaining a law license, becoming a labor union official, or qualifying for elective office, and would not be exposed to enhanced sentencing should he commit a later crime; thus, petitioner's release from confinement mooted the claim).  In *Winkler*, the court found that "a former patient in a state mental institution who has not been convicted of a crime[ ] does not suffer any collateral consequences now that he has been released from his commitment," and thus "[h]is release based upon a finding of competency renders his Petition moot." *Winkler*, 2017 WL 5197131, at *2.

Here, Mr. Piechocki is no longer committed to MDH as incompetent to stand trial.  If he remains in custody of the Maryland Department of Health, it is only pursuant to the order revoking his conditional release in the 2002 case, unrelated to

the nolle prossed 2018 assault case for which Mr. Piechocki seeks a writ of habeas corpus.  Thus, "a favorable judicial decision" would not redress the injury for which he sought a remedy—his confinement.  *Spencer*, 523 U.S. at 7.  As in *Winkler*, Petitioner's release upon a finding of competency renders his petition moot.

When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'"  *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  Mr. Piechocki has not demonstrated that a certificate of appealability is warranted and, as such, the court declines to issue the certificate.  He may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate.  *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003) (considering whether to grant a certificate of appealability after the district court declined to issue one).

**III. Conclusion**

For the foregoing reasons, Petitioner's petition for writ of habeas corpus will be denied.  A separate order will follow.

/s/
_____
DEBORAH K. CHASANOW
United States District Judge
